Green, J.
delivered the opinion of the court.
The facts of this case, are shortly the following: The defendant, Pistole, was indebted to Festus Moses, the balance of an account, amounting to three - dollars and fifty-five cents; for which Moses brought suit before a justice of the peace, and obtained judgment. After this judgment was obtained, Moses died, and at August Term, 1848, of the county court of DeKalb county, administration was granted to Isaac Bratton, “upon the estate of the said deceased, for the sole benefit of the widow and family of the said deceased to the amount of one hundred and fifty-seven dollars' and ninety cents and thereupon letters of administration were issued to authorize and empower said Bratton to take into his possession and control, all the notes, or accounts, and papers, belonging to said Mdses at the time of his death, or in the hands of any other person, or so much *206 as will satisfy the above amount of one hundred and fifty-seven dollars and ninety cents, for the benefit of said widow and family. After this administration was granted, Pistole, the defendant, paid Bratton, as administrator, the amount of the judgment against him, and took his acquittance therefor.
At the October term, 1848, of said court, the plaintiff in error, Smith, applied for special administration of said Moses’ estate, for the collection of certain notes and accounts, which Smith claimed as belonging, equitably, to him; among which was an account for five dollars and fifty-nine cents against Pistole. The county court thereupon granted to said Smith special administration, to take into his possession the notes and accounts mentioned in the said letters, “and to collect said debts,” &c.
Smith, finding a judgment had been rendered against Pistole in the lifetime of Moses, caused a sci. fa. to issue to revive the judgment in his name, as administrator. Pistole appeared before the justice, and proved that he had paid the amount of the judgment to Brat-ton, the first administrator, and the justice, therefore, refused to revive the suit, and gave judgment against Smith for costs. Smith thereupon appealed to the circuit court, where a verdict and judgment were rendered against him; and he appeals to this court.
It is now contended by the counsel for the plaintiff in error, that the letters of administration granted to Bratton, did not authorize him to collect the debt from Pistole; because it purports to be a special administration, and yet, it does not specify the acts he was authorized to do, or the debts he was empowered to *207 collect; which, it is insisted, is essential in every special administration.
We are of opinion that the administration granted to Bratton, was not a special administration, strictly so called; because the terms of the grant, constituted him administrator “of the estate” of the deceased, and expressly authorized him to take into his hands all notes, accounts, and papers belonging to the deceased. It is true the order granting the administration, states, that the office was to be exercised for the benefit of the widow and children, to the amount of one hundred and fifty-seven dollars and ninety cents; but the designation of that special object, does not limit the scope of the authority of the administration over the effects of the intestate. That authority, by the grant, extended over “the estate,” and empowered the administrator “to control” all notes, and accounts due the estate.
We think therefore, that Bratton had authority to collect this judgment, and that the payment to him is a good discharge of the defendant.
Affirm the judgment.